IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                Plaintiff,

v.

NIKOLE BRAUN,

                Defendant.

OPINION and ORDER

21-cv-610-jdp

---

    Plaintiff Terrance Grissom, appearing pro se, is incarcerated at Wisconsin Resource Center (WRC). Grissom alleges that staff at WRC subjected him to involuntary medical treatment by forcing him to take psychotropic medication over his objection.

    Grissom is a frequent litigator in this court (he has brought more than 80 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g), and the court has barred him from litigating claims other than those showing that he is in imminent danger of serious physical harm. *See Grissom v. Kuluike*, No. 14-cv-590-jdp (W.D. Wis. Jan. 12, 2015). Also, as a sanction for Grissom fabricating a notary certification in a court filing, I issued a two-year bar on him bringing claims for money damages. *See Grissom v. Stange*, No. 18-cv-960-jdp (W.D. Wis. Apr. 26, 2019). That bar has expired; Grissom asks for money damages and injunctive relief in this case.

    From Grissom's complaint and supplemental attachments, Dkt. 1 and 8, it appears that his allegations do not meet the imminent-danger standard because Grissom won a grievance about the forced administration of paliperidone: the complaint examiner concluded that staff mistakenly forced him to take the medication thinking that he was still subject to a "medication commitment order" that was no longer in effect, and the grievance was resolved by correcting

his medical record to show that he may refuse medication. *See* Dkt. 8-1 and Dkt. 8-2. Because this court has barred Grissom from bringing any non-imminent-danger claims, and there is no reason to think that Grissom is still at risk of forced treatment, that would be enough reason for me to dismiss the case.

Another reason for dismissal is that Grissom has once again fabricated a court submission. In response to Grissom's request for leave to proceed in forma pauperis, the court directed him to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. Dkt. 5; *see also* 28 U.S.C. § 1915(a)(2) (requiring inmates to submit trust fund account statement from six months preceding complaint). Grissom filed his complaint in this case on September 24, 2021, so he was required to submit a statement with data from late March to late September 2021.

In response, Grissom submitted a trust fund account statement showing an average monthly balance of $0.00. Dkt. 7. But Grissom clearly fabricated dates on the form: the transactions on that form run from October 21, 2020, to March 10, 2021, and a stamp from DOC staff certifying that the document is a true and correct copy of Grissom's trust fund account states that it is from the Waupun Correctional Institution and it is dated March 30, 2021. *Id.* But the date range portion of the form is whited out and replaced with "3-27-2021 to 9-27-2021 wisconsin resource center," and the field listing the date on which prison staff processed the form is whited out and replaced in part with "9/30/2021."

The only plausible explanation for the alterations to this document is that Grissom is attempting to pass off a trust fund account statement from March 2021 as an up-to-date version of his statement so that the court will grant him in forma pauperis status. This is similar to his misconduct in *Grissom v. Stange*, in which he copied a notary certification from a filing in

another case, fraudulently altered it, and attached it to a motion. "A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Grissom's repeated misconduct is unacceptable and it merits additional sanctions against him.

Dismissing this case is not much of a sanction because Grissom is already barred from filing non-imminent-danger cases like this one. Even after the court issued that partial filing bar against Grissom, he submitted the false certification in *Grissom v. Stange*, which led me to bar him from filing claims for money damages for two years. This court's repeated sanctions did not deter him from filing his latest falsified document.

I conclude that the only effective sanction is a filing bar that does not include an imminent-danger exception for civil suits. *See Lindsey v. Hoem*, No. 19-3278, 2020 WL 1514856 (7th Cir. Mar. 30, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), as authorizing such a filing bar). I note that the United States District Court for the Eastern District of Wisconsin has already fully barred Grissom from filing civil complaints. *See Grissom v. Mays*, No. 06-cv-677 (E.D. Wis. June 21, 2006). Accordingly, the only cases that Grissom may file in this court are habeas corpus petitions relating to his criminal convictions. Any civil lawsuit that Grissom files will be docketed and summarily dismissed. After two years, if Grissom has paid the filing fees owed to this court, he may file a motion asking me to lift or modify this filing bar.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice. The clerk of court is directed to enter judgment in favor of defendant and close this case.

2. The sanctions against plaintiff Terrance Grissom are modified as set forth in this opinion.

Entered October 25, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge