IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                Plaintiff,

v.

NIKOLE BRAUN,

                Defendant.

OPINION and ORDER

21-cv-610-jdp[1]

---

Terrance Grissom is a frequent litigator in this court (he has brought more than 80 cases here since 1990) who has a long history of misconduct regarding court filings. He has "struck out" under 28 U.S.C. § 1915(g). The United States District Court for the Eastern District of Wisconsin barred him from filing future lawsuits until he paid the outstanding balance of his filing fees. *Grissom v. Mays*, Case No. 06-cv-677-JPS, Dkt. 3, (June 21, 2006). He continued to submit filings failing to conform to § 1915(g)'s imminent danger standard, so I sanctioned him by barring him from attempting to file non-imminent danger claims whether he paid the filing fee or not. *Grissom v. Kuluike*, No. 14-cv-590-jdp, Dkt. 4 (W.D. Wis. Jan. 12, 2015). After Grissom fabricated a notary certification in a court filing, I issued a two-year bar on him bringing claims for money damages. *Grissom v. Stange*, No. 18-cv-960-jdp, 2019 WL 1877300, (W.D. Wis. Apr. 26, 2019). After that bar expired, Grissom brought a case in which he doctored his trust fund account statement; I sanctioned him by fully barring him from proceeding with civil complaints, although the court would still docket those submissions before dismissing them, and Grissom was still allowed to file habeas corpus petitions relating

---

[1] The clerk of court is directed to docket this order in the '610 case because this order amends the sanctions I issued against Grissom in that case.

to his criminal convictions. *Grissom v. Braun*, No. 21-cv-610-jdp, 2021 WL 4948046, at *2 (W.D. Wis. Oct. 25, 2021).

In late August 2022, Grissom filed a submission containing a foreign substance: the envelope contained white powder. That filing has been sent to the Federal Bureau of Investigation for further testing of the powder. But Grissom's intent to harm or intimidate court's personnel is clear.

This court has the inherent power to sanction a party who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). The right of access to the federal courts is not absolute, and an individual's access to the courts can be limited to address misconduct. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). "Courts have ample authority to curb abusive filing practices by imposing a range of restrictions." *Chapman v. Exec. Comm. of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases).

Grissom has repeatedly engaged in misconduct, flouting the court's sanctions and dishonestly fabricating documents. The court's previous sanctions have not stopped Grissom; now he has attempted to harm or intimidate court personnel. I conclude that the appropriate sanction at this point is to completely bar Grissom from filing any type of submission in this court. Should Grissom mail or e-file a submission, the clerk of court is directed to record that Grissom has attempted to file something, but the clerk shall not open the mail or docket any submission, and the court will take no action on any submission. Rather, the clerk is directed to destroy, without opening, any physical mail that Grissom sends to the court or any submission mailed or brought to the court on his behalf.

This sanction will continue for at least two years. No earlier than two years from the date of this order, Grissom may submit a motion to modify or rescind this order. If Grissom is in a DOC facility participating in the court's e-filing program when he files a motion to modify or rescind this order, Grissom must file his motion using the e-filing program; if Grissom instead sends a physical mailing the clerk of court is directed to destroy it.

ORDER

IT IS ORDERED that:

1. The court's sanctions against plaintiff Terrance Grissom are amended as discussed in the opinion above.

2. The clerk of court is directed to send a copy of this order to the United States District Court for the Eastern District of Wisconsin.

Entered September 2, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge